Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI210001916
Transaction ID: 0012843764
Filing Date: 03/02/2021 09:44:12 AM CST

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| ANN KENNEDY, | ) | CASE NO.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| | ) | |
| MENARD, INC. | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the Plaintiff, Ann Kennedy, and for her cause of action against the Defendant, states and alleges as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Ann Kennedy is a resident of Omaha, Douglas County, Nebraska.

2. That the Defendant Menard, Inc., was at all times relevant herein a foreign corporation, the owner of and/or doing business as a home improvement store open to the public known as Menards located at 7337 L Street, Omaha, Douglas County, Nebraska, and was at all times relevant herein in control of the premises.

3. That the Plaintiff was at all times relevant hereto a lawful visitor in the Defendant's store.

### THE RULES

4. An owner or occupier is subject to liability for injury to a lawful visitor resulting from a condition on the owner or occupier's premises if the lawful visitor proves (1) that the owner or occupier either created the condition, knew of the condition, or by exercise of reasonable care would have discovered the condition; (2) that the owner or occupier should have realized the condition involved an unreasonable risk of harm to the lawful visitor; (3) that the owner or occupier should have expected that the visitor either would not discover or realize the danger or would fail to protect himself or herself against the danger; (4) that the owner or occupier failed to use reasonable care to protect the visitor

against the danger; and (5) that the condition was a proximate cause of damage to the visitor.

## THE INCIDENT

5. That on November 16th, 2019, employees at the Menards store in question hooked an electric powered vacuum to a second electrical/ extension cord, tying a knot at the connection of the electrical cord and extension cord. The Menards employees then moved the electrical vacuum/floor cleaner from the help desk, across the main entryway inside the store, leaving the electrical cord and its knotted connection with the extension cord draped on the floor running across the main entry area in the store.

6. Plaintiff went to exit the Menards store located at 7337 L Street while her husband was checking out. As she walked toward the exit, Plaintiff did not see the electrical cords or the knot connecting the two. The Plaintiff stepped on the knot connecting two electrical cords that ran from the outlet at the customer service desk across the main entry/exit aisle to a vacuum cleaner placed behind the front of the cart storage rack where it would not be seen by someone exiting the store. In stepping on this knot, Plaintiff rolled her left ankle and fell onto both knees and forearms.

7. That the Plaintiff's fall and resulting injury were directly caused by the negligence of the Defendant as set forth further herein.

8. That the Defendant, through its employees, agents and sub-contractors, were negligent in the following particulars:

   8.1 In creating a condition in the entry/exit area in question that presented a fall risk to customers, that the Defendants knew, or in the exercise of reasonable care should have known, that said hazards and or obstacles created an unreasonably dangerous condition for all customers;

   8.2 In choosing not to correct the hazards and or obstacles in the entry/exit area when the Defendants knew, or in the exercise of reasonable care should have known, that said hazards and or obstacles in the entry/exit area in question presented an unreasonably dangerous condition for all customers;

   8.3 In choosing not to warn customers, including the Plaintiff, of the hazards and or obstacles in the entry/exit area in question when the Defendants

knew, or in the exercise of reasonable care should have known, that customers, including the Plaintiff would fail to recognize said dangerous condition; and

8.4 Failing to warn the Plaintiff of said dangerous condition when the Defendants knew, or in the exercise of reasonable care should have known, that its customers, including the Plaintiff would fail to protect herself from the dangerous condition posed by the entry/exit area in question.

## HARMS AND LOSSES

9. That the above-listed negligence of the Defendant proximately caused the Plaintiff's fall and the injuries she sustained, as set forth more fully below.

10. That as a result of the above-described fall, the Plaintiff sustained personal injuries, including injuries to her left ankle and both knees and elbows.

11. Necessary medical care for all of the Plaintiff's injuries includes:

    11.1 Emergency Room visit,

    11.2 Radiologic studies,

    11.3 Visits with her medical doctors,

    11.4 Right knee injection,

    11.5 Physical therapy,

    11.6 Acupuncture,

    11.7 Right knee arthroscopic surgery dated 03/30/20,

    11.8 Medical equipment/supplies, and

    11.9 Prescription medication.

12. That Plaintiff's injuries are permanent.

13. That as a direct and proximate result of her injuries, Plaintiff has incurred medical expenses to-date in the amount $36,133.71.

14. That as a direct and proximate result of her injuries, Plaintiff has sustained a loss of income in amounts yet to be determined.

15. That the Plaintiff will incur medical expenses in the future.

16. That the Plaintiff has sustained a loss of earning capacity as a result of her injuries.

17. That the Plaintiff will incur lost wages in the future.

18. That the Plaintiff has experienced pain, suffering, a loss of mobility, as well as loss of enjoyment of life as a result of her injuries.

## THE RELIEF

19. Plaintiff prays for judgment against the Defendant for her medical expenses incurred to date, as well as those to be incurred in the future, her lost wages to date, as well as those to be incurred in the future, her loss of earning capacity, her disability, and her loss of enjoyment of life, along with all other damages allowed under Nebraska law.

DATED this ____ day of March, 2021.

ANN KENNEDY, Plaintiff

By _____
Matthew G. Miller, #19092
Dan Stockmann, #21786
6910 Pacific Street, Suite 202
Omaha, Nebraska 68106
402-558-4900
ATTORNEYS FOR PLAINTIFF

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI210001916
Transaction ID: 0012843764
Filing Date: 03/02/2021 09:44:12 AM CST

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| ANN KENNEDY, | ) | CASE NO.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PRAECIPE** |
| | ) | |
| MENARD, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Please issue summonses to be served upon the Defendant as follows:

Menard, Inc.
d/b/a Menards
Registered Agent:   The Prentice-Hall Corporation System, Inc.
Suite 1900
233 South 13th Street
Lincoln, NE 65808

Dated this _2nd_ day of March, 2021.

ANN KENNEDY, Plaintiff

By _____
Matthew G. Miller, #19092
Dan Stockmann, #21786
6910 Pacific Street, Suite 202
Omaha, Nebraska 68106
402-558-4900
ATTORNEYS FOR PLAINTIFF

**DESIGNATE MODE OF SERVICE:**   **CERTIFIED MAIL**

| Image ID: | | Doc. No. 719365 |
|---|---|---|
| D00719365D01 | **SUMMONS** | |

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha           NE 68183

Ann Kennedy v. Menard, Inc.

Case ID: CI 21    1916

TO:  Menard, Inc.

**FILED BY**
Clerk of the Douglas District Court
03/02/2021

You have been sued by the following plaintiff(s):

    Ann Kennedy

Plaintiff's Attorney:   Matthew G Miller
Address:                6910 Pacific Street
                        Suite 202
                        Omaha, NE 68106
Telephone:              (402) 558-4900

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Date: MARCH  2, 2021        BY THE COURT:   *John M. Friend*
                                             Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

    Menard, Inc.
    Prentice-Hall Corporations System
    233 S. 13th St. #1900
    Lincoln, NE 65808

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI210001916
Transaction ID: 0012886176
Filing Date: 03/08/2021 10:55:40 AM CST

**SERVICE RETURN**

Doc. No. 719365

Douglas District Court
1701 Farnam
Omaha        NE 68183

To:
Case ID: CI 21   1916 Ann Kennedy v. Menard, Inc.

### SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

    Menard, Inc.
    c/o Prentice-Hall Corporations System
    233 S. 13th St., #1900
    Lincoln, NE ~~65508~~ 68508

    9590 9402 5577 9274 3312 09

2. Article Number (Transfer from service label)

    7016 2070 0000 7648 8699

### COMPLETE THIS SECTION ON DELIVERY

A. Signature
   X *Anthony M Rager*   ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☒ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ ... Mail
   ☐ ... Mail Restricted Delivery
   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☐ Return Receipt for Merchandise
   ☐ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: Menard, Inc. c/o Prentice-Hall Corporations System, Reg. Agent

At the following address: 233 South 13th St., Suite 1900
                          Lincoln, NE ~~68568~~ 68508

on the  2nd  day of  March  2021, as required by Nebraska state law.

Postage $ 7.20   Attorney for: Plaintiff

The return receipt for mailing to the party was signed on  March 4th, 2021.

To: Menard, Inc.                              From: Matthew G Miller
    Prentice-Hall Corporations System               6910 Pacific Street
    233 S. 13th St. #1900                           Suite 202
    Lincoln, NE 65808                               Omaha, NE 68106

**ATTACH RETURN RECEIPT & RETURN TO COURT**